UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM REDICK,

          Plaintiff,

    v.

TERRICORP, INC,

          Defendant.

Case No. 1:26-cv-01968-CDB

ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100.00 PER DAY

(Docs. 12, 16, 17)

**Background**

Plaintiff William Redick ("Plaintiff") initiated this action with the filing of a complaint on March 12, 2026, against Defendant Work Truck Solutions, Inc., doing business as Kingsburg Truck Center.[1]  (Doc. 1).  On May 11, 2026, Plaintiff filed a first amended complaint ("FAC") as a matter of course removing Defendant Work Truck Solutions, Inc. from this action, which was construed as a notice of voluntary dismissal without prejudice as to Defendant Work Truck Solutions, Inc. (Docs. 7, 9).

On June 2, 2026, Plaintiff filed a motion to continue the initial scheduling conference.  (Doc. 11).  On June 6, 2026, considering Plaintiff's filing of a FAC, and because newly added Defendant Terricorp, Inc. ("Defendant") had not yet been served or appeared in this action, the Court granted

---

[1] Defendant Work Truck Solutions, Inc. was dismissed from this action following Plaintiff's filing of a first amended complaint.

1

in part Plaintiff's *ex parte* motion to continue the scheduling conference to August 12, 2026. (Doc. 12).  In the Court's order, Plaintiff was directed to "promptly effect service upon Defendant of summons, complaint, <u>all case opening documents (see Doc. 2)</u> …, <u>and a copy of this minute order,</u> and shall promptly file proof of service of same." *Id.* (emphasis added).  On June 15, 2026, the parties filed a stipulation to extend time for Defendant to respond to the complaint pursuant to Local Rule 144(a). (Doc. 13).  Defendant timely filed an answer to the complaint on June 29, 2026. (Doc. 14).

Plaintiff did not promptly comply with the Court's order to file proof of service upon Defendant of the case opening documents or a copy of the Court's minute order directing the same.  Accordingly, when there still was no evidence of Plaintiff's compliance approximately four weeks after the Court's entry of its order, on June 30, 2026, the Court ordered Plaintiff to show cause in writing no later than July 2, 2026, why sanctions should not be imposed for Plaintiff's failure to comply with a court order. (Doc. 16).  In its order, the Court permitted Plaintiff to comply with the order in the alternative by filing the proof of service by that same deadline and was admonished that "[a]ny failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, up to and including a recommendation to dismiss this action." *Id.*

On July 1, 2026, Plaintiff filed a summons returned executed attesting to service on Defendant of the summons and complaint; however, the filing was silent about service of the case opening documents (*see* Doc. 2) or a copy of the Court's June 3, 2026, minute order (*see* Doc. 12).

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501

U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  The Court also may impose sanctions for civil contempt "to coerce obedience to a court order."  *Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *see Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."),  *E.g., Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of sanctions to coerce compliance with court order).

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  *Id*.

**<u>Discussion</u>**

Here, the Court ordered Plaintiff to promptly effect service upon Defendant of summons, complaint, all case opening documents, and a copy of the Court's June 3, 2026, minute order and to promptly file proof of service of the same.  (Doc. 12).  When Plaintiff failed to timely take any action in compliance with the Court's order, the Court directed Plaintiff to come into compliance.  (Doc. 16).  However, Plaintiff's apparent attempt to comply with the Court's order by filing proof of service is deficient as it reflects that only the summons and complaint were served, not the case

3

opening documents and a copy of the Court's minute order as the Court twice ordered Plaintiff to complete. *See* (Doc. 17 at 1). Therefore, Plaintiff has failed to comply with the Court's orders in failing to serve upon Defendant all case opening documents and a copy of the Court's minute order.

The Court notes that this is not the first time Plaintiff, represented by the same counsel, has failed to timely effect proper proof of service. In another action before this Court (*Redick v. FAVO Capital, Inc.*, No. 1:25-cv-00880-JLT-CDB), the undersigned issued an order to show cause on October 16, 2025, for counsel's failure to timely file proofs of service and a scheduling report. (*FAVO Capital*, Doc. 4). In the response filed October 17, 2025, counsel represented that an "internal calendaring error" resulted in a failure to calendar the initial scheduling conference. Plaintiff's counsel stated that Plaintiff was in the process of "correcting its systematic issues, which have included several inadvertent calendaring and deadline errors." *See* (*FAVO Capital*, Doc. 5 ¶¶ 5-6). Nor is this the first time Plaintiff and Plaintiff's counsel have failed to comply with the Court's orders and faced the imposition of sanctions (*see Redick v. My Credit Care*, No. 1:25-cv-01539-CDB).

Thus, Plaintiff's counsel has repeatedly failed to comply with the Court's orders regarding service of process in two separate actions. Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket. Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff files proof of service attesting that all case opening documents (*see* Doc. 2) and a copy of the Court's June 3, 2026, minute order have been served upon Defendant. Plaintiff's filing of a proof of service will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff shall pay the Clerk of the Court $100.00 per day, beginning on the date of this order, until Plaintiff files proof of service

4

attesting that all case opening documents (*see* Doc. 2) and a copy of the Court's June 3, 2026, minute order have been served upon Defendant.

IT IS SO ORDERED.

Dated:    **July 6, 2026**

UNITED STATES MAGISTRATE JUDGE

5