UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM REDICK,

          Plaintiff,

    v.

TERRICORP, INC,

          Defendant.

Case No. 1:26-cv-01968-CDB

ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING PLAINTIFF TO PAY SANCTIONS

(Docs. 18, 19)

**14-Day Deadline**

**Background**

Plaintiff William Redick ("Plaintiff") initiated this action with the filing of a complaint on March 12, 2026, against Defendant Work Truck Solutions, Inc., doing business as Kingsburg Truck Center.[1]  (Doc. 1).  On May 11, 2026, Plaintiff filed a first amended complaint ("FAC") as a matter of course removing Defendant Work Truck Solutions, Inc. from this action, which was construed as a notice of voluntary dismissal without prejudice as to Defendant Work Truck Solutions, Inc. (Docs. 7, 9).

On June 2, 2026, Plaintiff filed a motion to continue the initial scheduling conference.  (Doc. 11).  On June 6, 2026, considering Plaintiff's filing of a FAC, and because newly added Defendant Terricorp, Inc. ("Defendant") had not yet been served or appeared in this action, the Court granted

---

[1] Defendant Work Truck Solutions, Inc. was dismissed from this action following Plaintiff's filing of a first amended complaint.

1

in part Plaintiff's *ex parte* motion to continue the scheduling conference to August 12, 2026. (Doc. 12). In the Court's order, Plaintiff was directed to "promptly effect service upon Defendant of summons, complaint, <u>all case opening documents (see Doc. 2)</u> …, <u>and a copy of this minute order,</u> and shall promptly file proof of service of same." *Id.* (emphasis added). On June 15, 2026, the parties filed a stipulation to extend time for Defendant to respond to the complaint pursuant to Local Rule 144(a). (Doc. 13). Defendant timely filed an answer to the complaint on June 29, 2026. (Doc. 14).

Plaintiff did not promptly comply with the Court's order to file proof of service upon Defendant of the case opening documents or a copy of the Court's minute order directing the same. Accordingly, when there still was no evidence of Plaintiff's compliance approximately four weeks after the Court's entry of its order, on June 30, 2026, the Court ordered Plaintiff to show cause in writing no later than July 2, 2026, why sanctions should not be imposed for Plaintiff's failure to comply with a court order. (Doc. 16). In its order, the Court permitted Plaintiff to comply with the order in the alternative by filing the proof of service by that same deadline and was admonished that "[a]ny failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, up to and including a recommendation to dismiss this action." *Id.*

On July 1, 2026, Plaintiff filed a summons returned executed attesting to service on Defendant of the summons and complaint; however, the filing was silent about service of the case opening documents (*see* Doc. 2) or a copy of the Court's June 3, 2026, minute order (*see* Doc. 12). Given Plaintiff's repeated failure to comply with the Court's orders, on July 6, 2026, the Court ordered Plaintiff to pay the Clerk of the Court $100.00 per day from the date of the order until he files proof of service attesting that all case opening documents and a copy of the Court's June 3, 2026, minute order have been served upon Defendant. (Doc. 18). Plaintiff was admonished that his filing of a proof of service will not relieve Plaintiff of the sanction imposed commencing on the date of the order, and that the daily deadline to comply expires at the close of business each day at 5:00 p.m. *Id.* at 4.

**Discussion**

That same day, Plaintiff filed proof of service attesting that all case opening documents and

a copy of the Court's June 3, 2026, minute order was served upon Defendant's counsel via email on July 6, 2026, pursuant to Local Rule 135(f).  (Doc. 19).

In light of Plaintiff's prompt compliance with the Court's sanctions order, the Court shall discharge further sanctions and shall impose a total sanction of $100.00 based on the Court's order. Accordingly, to deter Plaintiff and counsel from future violations of the Court's orders and the Local Rules and to ensure they abide by all applicable deadlines in this case, the Court will impose a total sanction of $100.00. *See, e.g.*, *Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of monetary sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished).  The Court concludes that such a sanction is sufficient but not more than necessary to accomplish its coercive aim light of the character and magnitude of the harm threatened by continued delinquency.  *See Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff SHALL pay the Clerk of the Court $100.00 in full satisfaction of the sanction imposed in this case no later than **July 21, 2026**;

2.  Plaintiff's counsel SHALL promptly file proof of payment with the Court once payment is made; and

3.  If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from July 21, 2026, until full payment is received.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE